■ NEW YORK STATE THRUWAY AUTHORITY, Appellant, v. STATE OF NEW YORK, Respondent. (Claim No. 43807.) — *Per Curiam*. The claimant, New York State Thruway Authority, appeals from portions of a judgment of the Court of Claims entered November 1, 1968, upon a remittitur of the Court of Appeals, which awarded damages of $21,504,867, pursuant to an Enabling Act which conferred jurisdiction upon the Court of Claims to hear and determine claims of the Authority against the State "for expenditures charged to the authority for improvements and additions to the state highway, parkway and canal systems and other state facilities made by, or at the direction or request of, any department or agency of the state for the sole benefit of the state and not required for thruway purposes". (L. 1964, ch. 669, § 1.) The original trial resulted in an award of $30,842,427 (50 Misc 2d 957, 967), the judgment upon which was affirmed by this court (28 A D 2d 607) and was subsequently modified by the Court of Appeals (22 N Y 2d 509, mot. for rearg. den. 22 N Y 2d 938). The Enabling Act provided that any award thereunder "must be without interest and shall be applied as a credit upon, and may not exceed, the amount of the balance due under the advances made by the state for thruway purposes" (L. 1964, ch. 669, § 5); and the balance due under the State's advances was found by the Court of Claims to be $24,668,713.54 (50 Misc 2d 957, 967, *supra*). The Court of Appeals held that "the order appealed from should be modified to eliminate the credits for the depreciated value of the original highway pavement necessarily replaced in eliminating grade crossings and to disallow the credit for construction of the grade crossing structure, ramps and grading at the intersection of the Palisades Interstate Parkway with the Thruway" and that "In all other

respects, the order should be affirmed." (22 N Y 2d 509, 526.) Upon motion, the Court of Claims directed that judgment be entered upon the remittitur of the Court of Appeals so as to modify the original judgment by disallowing items aggregating $9,337,560. The disallowed items include $1,397,054 originally allowed for the cost of the Palisades Interstate Parkway grade crossing elimination structure, the disallowance of which is not contested by claimant; and $5,030,873 originally allowed on account of the adjusted cost of replacing pavement at 75 so-called "I" sites where State highways were carried over the Thruway on bridges, claimant conceding that this disallowance, also, was mandated by the decision of the Court of Appeals. Claimant does, however, contest the disallowance of the remaining items, being that of $503,083 constituting the administrative and engineering costs, computed at 10%, of the pavement reconstruction at the "I" sites above alluded to; that of $2,406,550 originally allowed on account of the adjusted cost of replacing pavement at 17 so-called "J" sites, where the Thruway was carried over State highways on bridges, and at 4 so-called special or "K" and "L" sites. The aggregate of the items thus contested is $2,909,633; and additional to that amount is claimant's claim for $2,361,401.75 for interest on the judgment of $24,414,500 to which it claims to be entitled, from August 1, 1966 to December 31, 1968. When the Court of Appeals held that the Authority could not take credit for the adjusted cost or depreciated value of new pavement replacing old pavement, at least to the dimensions of the old pavement, it was made clear that this ruling applied in those instances where replacement was necessary in the furtherance of Thruway construction or was required of the Authority in order to eliminate grade crossings (Public Authorities Law, § 359, subd. 3) and, in consequence, was not, in the language of the Enabling Act, "for the sole benefit of the state". Thus, the disallowance was of "credits for the depreciated value of the original highway pavement *necessarily* replaced in constructing grade crossings" (22 N Y 2d 509, 526; emphasis supplied). The "I" sites were used as examples (p. 525) and that reconstruction costs at all "I" sites must be excluded is manifest from the method of the elimination employed, as well as from the rationale of the court's opinion; but in the instances where, at the "J" sites, the Thruway passed *over* the highway it is not equally clear that the breakup and replacement of existing highway pavement was, in all cases, necessary to the furtherance of Thruway purposes or that replacement was not, in some cases, directed by, and effected for the "sole benefit" of the State. Although the Court of Claims in disallowing the "J" sites claims held them "within the purview of the decision of the Court of Appeals concerning elimination of credits for the depreciated value of original highway pavement necessarily replaced in eliminating grade crossings", and in dealing with the special sites merely held them "within the purview of the decision of the Court of Appeals", it is reasonably clear that the court did not examine the proof as to each site involved or make independent determinations of necessity with respect to each, and we must, of necessity, remit for appropriate findings by the Court of Claims, upon the present record or augmented proof, as may be necessary. With respect to the claim for the $503,083 administrative and engineering costs allocable to the pavement reconstruction at the "I" sites, we find no rational basis for segregating those costs from the other "I" sites reconstruction costs which concededly were properly disallowed, and thus the trial court's disallowance of the administrative and engineering costs must be affirmed. We find unconvincing the rationale of the trial court's conclusion that claimant is not entitled to interest on its judgment. The payment of interest proscribed by the Enabling Act is that of interest upon "Any award resulting

from such claims" (L. 1964, ch. 669, § 5) and we find in the act nothing to indicate that the usual rules as to the payment of interest upon judgments were intended to be abrogated. It may be that a present determination of this problem is premature and may, indeed, become academic if the eventual final judgment should exceed the State's present credit (and cf. *New York State Thruway Auth.* v. *Hurd*, 29 A D 2d 157) and the limitation thereof be held applicable, also, to interest accrued upon the judgment; but our determination respecting interest would have to open, in any event, to any changed circumstances existing when payment of interest is sought to be enforced. Judgment modified, on the law and the facts, in accordance with this memorandum decision and case remitted to the Court of Claims for further proceedings not inconsistent herewith, and, as so modified, affirmed, without costs, Gibson, P. J., Reynolds, Aulisi and Greenblott, JJ., concur in memorandum *Per Curiam*; Herlihy, J., concurs in part and dissents in part in a memorandum as follows: Herlihy, J. (concurring in part and dissenting in part). In my opinion, the alleged issues as to the meaning of the prior decision of the Court of Appeals should be decided by that court. I disagree with what appears to be the legal determination by the majority that interest may be allowed upon the judgment in *this case*. The Enabling Act (L. 1964, ch. 669) provides: "§ 5. Any award resulting from such claims must be without interest and shall be applied as a credit upon, and may not exceed, the amount of the balance due under the advances made by the state for thruway purposes." The language specifies an "award". It would appear that considering the use of the words "award" and "judgment" within the Enabling Act and the Court of Claims Act, that an award is not something separate from a judgment, but is the judgment itself. On the other hand, a judgment need not be an award (e.g., dismissing a claim) and hence the use of the two words where appropriate. If there should be any further doubt as to the intent of the Legislature to preclude interest on any judgment in favor of the appellant in this case, that part of the Enabling Act quoted above clearly prohibits the entry of any collectable money judgment and limits the award (judgment) to a mere bookkeeping entry. The function of the Court of Claims in this case was merely to determine the amount of the debt due *from the* Thruway *to the* State. Under the terms of this Enabling Act there was not and could not be any debt due the Thruway from the State. To allow interest would be unjust and inequitable because all of the debt herein concerned was money advanced *to* the Thruway *by* the State. In accordance with section 4 of the Enabling Act "the court of claims shall * * * render such judgments therefor as shall be just and equitable." However, since the majority decision does not specifically direct the allowance of interest; and in view of the facts that the Court of Appeals did not previously direct the Court of Claims to modify so much of the judgment as did not allow interest, and might accept jurisdiction of this appeal which essentially involves its prior determination, it is not now necessary to formally dissent from the determination as to interest.